[896 NYS2d 903]

In the Matter of MICHAEL S. GOODMAN (Admitted as MICHAEL STUART GOODMAN), Resignor.

Second Department, March 30, 2010

**APPEARANCES OF COUNSEL**

*Jerome Karp*, Brooklyn, for resignor.

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Michael S. Goodman has submitted an affidavit dated August 19, 2009, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Goodman was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 13, 1968, under the name Michael Stuart Goodman.

Mr. Goodman is aware that he is the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) into allegations of irregularities in his attorney escrow account, including a dishonored check. He acknowledges his inability to successfully defend himself on the merits of any disciplinary charges which may be brought against him by the Grievance Committee based on the facts and circumstances of professional conduct, as referred to in his resignation, and as may be brought to light in the future. He avers that his resignation is freely and voluntarily tendered and that he is not subject to coercion or duress by anyone.

Mr. Goodman has discussed his decision to resign with his attorney, whose advice and counsel he respects, and is fully aware of the implications of its submission, including the fact that he is barred by Judiciary Law § 90 from seeking reinstatement for at least seven years from the date his resignation is accepted by the Court.

Mr. Goodman is further aware that any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection for that money or property. Mr. Goodman acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation conforms with the requirements of 22 NYCRR 691.9, the Grievance Committee recommends its acceptance.

The resignation of Michael S. Goodman is accepted, and, effective immediately, he is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ANGIOLILLO, JJ., concur.

Ordered that the resignation of Michael S. Goodman, admitted as Michael Stuart Goodman, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael S. Goodman, admitted as Michael Stuart Goodman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michael S. Goodman, admitted as Michael Stuart Goodman, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael S. Goodman, admitted as Michael Stuart Goodman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Michael S. Goodman, admitted as Michael Stuart Goodman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).